Civil Action No. 1:25-cv-09406-AT

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------------------------

**YANDY REYES**, individually and on behalf of all others similarly situated, and **RE: YES LAW PLLC**,

<em>Plaintiffs</em>,

-against-

**THE DRAW SHOP LLC**, the business located at 12463 Rancho Bernardo RD#166 San Diego, CA 92128 and **SUMMER FELIX-MULDER**, individually and as the CEO of The Draw Shop LLC, and **JOHN DOES and/or JANE DOES** [1]

<em>Defendants</em>

)
)
)
)
)
)
)
)
)
)
)
)

**NOTICE OF MOTION**

**1:25-cv-09406-AT**

--------------------------------------------------------------------------------

     **PLEASE TAKE NOTICE** that upon the annexed affirmation of YANDY REYES, ESQ., attorney for Plaintiff and upon all the other papers and proceedings heretofore had herein, the undersigned will move this court at a stated term thereof to be held at the United States District Court for the Southern District of New York in and for the County of New York located at 500 Pearl St, New York, NY 10007, on the 5th Day of March , 2026, at 10:30am or as soon thereafter as counsel can be heard for an order

(i)   Pursuant to Federal Rule of Civil Procedure (FRCP) 4(d), recovery of Plaintiffs service-of-process costs;

(ii)  Pursuant to FRCP 55(a), an Entry of Default against the Defendants for failing to timely respond to Plaintiffs Complaint despite being properly served, together with relief from the requirement to submit a joint case management plan; and

(iii) For all other further relief as this Court deems just and proper..

Dated:  February 16, 2026
       Westchester, New York

By: _____      _____<br>118-35 Queens Blvd., Ste. 400<br>Forest Hills, NY 11375<br>(p): (646) 577 - 9022<br>(e): estateplanningreyes@gmail.com

TO:

THE DRAW SHOP LLC
12463 Rancho Bernardo RD#166 San Diego, CA 92128

---

[1] And John Doe and/or Jane Doe agents, whose identities are exclusively known to the defendants and, if they exist, will be discoverable in pre-trial litigation, and whom the Plaintiffs fully intends to name as defendants, including members of the marketing team and the director.

Civil Action No. 1:25-cv-09406-AT

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------
**YANDY REYES**, individually and on behalf of all others similarly situated, and **RE: YES LAW PLLC**,

*Plaintiffs*,

-against-

**THE DRAW SHOP LLC**, the business located at 12463 Rancho Bernardo RD#166 San Diego, CA 92128 and **SUMMER FELIX-MULDER**, individually and as the CEO of The Draw Shop LLC, and **JOHN DOES and/or JANE DOES** [2]

*Defendants*.
-------------------------------------------------------------------------------

) ) ) ) ) ) ) ) ) ) )

**AFFIRMATION
IN SUPPORT**

**1:25-cv-09406-AT**

    **YANDY REYES**, an attorney duly admitted to practice before the Courts of this State, affirms the following to be true under penalty of perjury.

    1.    I am the attorney of record for YANDY REYES and RE: YES LAW PLLC (hereinafter "Plaintiffs"), and I am familiar with the facts and circumstances surrounding this matter as disclosed by the contents of my file.

    2.    This affirmation is made in support of the within motion requesting for an Order for (i) Pursuant to Federal Rule of Civil Procedure (FRCP) 4(d), recovery of Plaintiffs service-of-process costs; (ii) Pursuant to FRCP 55(a), an Entry of Default against the Defendants for failing to timely respond to Plaintiffs Complaint despite being properly served, together with relief from the requirement to submit a joint case management; and (iii) For all other further relief as this Court deems just and proper.

**PROCEDURAL HISTORY**

    3.    On or about November 11, 2025, Plaintiffs YANDY REYES and RE: YES LAW PLLC brought an action against THE DRAW SHOP LLC, the business located at 12463 Rancho Bernardo RD#166 San Diego, CA 92128, and SUMMER FELIX-MULDER, individually and in his official capacity

---

[2] And John Doe and/or Jane Doe agents, whose identities are exclusively known to the defendants and, if they exist, will be discoverable in pre-trial litigation, and whom the Plaintiffs fully intends to name as defendants, including members of the marketing team and the director.

Civil Action No. 1:25-cv-09406-AT

as the CEO of The Draw Shop LLC, and JOHN DOES and/or JANE DOES (hereinafter "Defendants") for

violating the Telephone Consumer Protection Act (hereinafter "TCPA"), 47 U.S.C. § 227, the regulations

promulgated thereunder and N.Y. General Business Law ("GBL") § 396-AA*2. Congress enacted the TCPA

in 1991 to prevent the unsolicited calling to persons who had not provided express invitation or permission

to receive such calls. Congress believed that unsolicited calls improperly invaded the private lives of called

parties and provided for remedies in the form of money damages and injunctions.

4.      On November 11, 2025, pursuant to the Court's procedures, Plaintiffs mailed the Summons

and Verified Complaint, dated November 11, 2025, and Notice of Lawsuit and Request for Waiver of

Service to Defendants in accordance with FRCP Rule 4(d). *See* Affidavit of Service, attached hereto as

**Exhibit A**.

5.      Plaintiff was forced to retain a process server. Defendants were personally served on or about

January 7, 2026, at 12:35 PM and again at 2:00 PM, as reflected in the Affidavits of Service sworn by Kelly

Bliss and Michael Burroughs, filed with the Court. *See* Affidavits of Services, attached herein as **Exhibit B**.

Plaintiff incurred $448.80 in service fees, as documented by the Invoices, attached herein as **Exhibit C**.

6.      On or about January 28, 2026, the court issued an order for the Plaintiffs and Defendants to

submit the joint letter and proposed case management plan on or before February 17, 2026.

## APPLICABLE STANDARDS

7.      Pursuant to Federal Rule of Civil Procedure 4(d)(2): Failure to Waive. If a defendant located

within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff

located within the United States, the court must impose on the defendant:

> (A) the expenses later incurred in making service; and
> (B) the reasonable expenses, including attorney's fees, of any motion required to collect those
> service expenses.

Civil Action No. 1:25-cv-09406-AT

8.      Pursuant to Federal Rule of Civil Procedure 55(a) "(a) Entering a Default. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."

## ARGUMENTS

### I.   The Defendant failed to respond to the Plaintiffs' Waiver request and must be forced to incur unnecessary service costs.

9.      Federal Rule of Civil Procedure 4(d)(2) provides that "if a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant:

    (A) the expenses later incurred in making service; and

    (B) the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses.

10.     Here, Defendants failed to respond to the waiver request and forced Plaintiff to incur unnecessary service costs. Defendants have not provided any explanation, let alone good cause.

11.     On or about November 11, 2025, pursuant to the Court's procedures, Plaintiff mailed the Summons and Verified Complaint and Notice of Lawsuit and Request for Waiver of Service to Defendants in accordance with FRCP Rule 4(d).

12.     The Notice of Waiver expressly warned Defendants that failure to return the waiver without good cause would result in liability for the costs of formal service, as stated on the face of the Summons. Despite proper mailing and ample time to respond, Defendants failed to return the waiver and did not otherwise appear.

13.     As a result, Plaintiff was forced to retain a process server.

Civil Action No. 1:25-cv-09406-AT

14.     Defendants were personally served on or about January 7, 2026, at 12:35 PM and again at 2:00 PM, as reflected in the Affidavits of Service sworn by Kelly Bliss and Michael Burroughs, filed with the Court.

15.     Plaintiff incurred $448.80 in service fees, as documented by the Invoices, attached herein as **Ex. C**.

16.     Based on the foregoing, Plaintiff respectfully requests an order requiring Defendants to reimburse Plaintiff for the documented service-of-process expenses.

**II. Defendant failed to timely respond to the Complaint and an Entry of Default is appropriate**

17.     Defendant's time to respond to the Complaint has expired. Defendants have neither appeared nor pleaded.

18.     Entry of default pursuant to FRCP Rule 55(a) is therefore appropriate.

19.     Additionally, the Court previously directed the parties to submit a joint letter and proposed case management plan.

20.     Defendant's complete non-participation renders compliance impossible and unnecessary. Because Defendants are in default, no discovery or case management planning can meaningfully proceed at this stage.

21.     Based on the foregoing, Plaintiff respectfully requests that the Court:

1. Pursuant to FRCP 55(a), direct the Clerk to enter default against Defendant; and

2. Excuse Plaintiff from submitting a joint case management plan pending resolution of default proceedings.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs request an Order:

Civil Action No. 1:25-cv-09406-AT

    i.    Pursuant to Federal Rule of Civil Procedure (FRCP) 4(d), recovery of Plaintiffs service-of-process costs;

    ii.    Pursuant to FRCP 55(a), an Entry of Default against the Defendants for failing to timely respond to Plaintiffs Complaint despite being properly served, together with relief from the requirement to submit a joint case management; and

    iii.    For all other further relief as this Court deems just and proper.

Dated:        Westchester, New York
                February 16, 2026

                                        Respectfully submitted,

                                          _____

BY:    **YANDY REYES, ESQ.**
           **RE: YES LAW PLLC**
           *Attorney for Plaintiffs*
           118-35 Queens Blvd., Ste. 400
           Forest Hills, NY 11214
           (646) 577-9022 | (646) 633-5467
           reyeslaw@estateplanningreyes.com

MAIL TO:

THE DRAW SHOP LLC
12463 Rancho Bernardo RD#166 San Diego, CA 92128

Civil Action No. 1:25-cv-09406-AT

## CERTIFICATION/ INDIVIDUAL VERIFICATION

I, **YANDY REYES**, ESQ., an attorney admitted to practice in the courts of New York State, state that I am the attorney and Plaintiff in the action within; certify that I have read the foregoing and know the contents thereof, and, to the best of my knowledge and information and belief, the presentation of the papers is not frivolous and, where the paper is an initiating pleading, that the matter was not obtained through illegal conduct or, if it was, that the attorney or other persons responsible for the illegal conduct are not participating in the matter or sharing fees and that the matter was not obtained in violation of DR 7-111. (22 N.Y.C.R.R. 130-1.1-a[b]).

I affirm that the foregoing statements are true, under the penalties of perjury.

Dated: February 16, 2026
   Westchester, New York

                   _____
                       **YANDY REYES**

Sworn to before me on

February 16, 2026

_Diana Cardenas_

_____
Notary Public
My Commission Expires:
(Affix Notary Stamp or Seal)