

# Yandy Reyes Esq.

**Re: Yes Law PLLC**
**118-35 Queens Blvd., Ste. 400**
**Forest Hills, NY 11375**
**(p): (646) 633 – 5467 | (646) 577 - 9022**
**(e): YandyReyesEsq@gmail.com | ReyesLaw@EstatePlanningReyes.com**

July 9, 2026

*VIA ECF*

**THE HONORABLE SARAH NETBURN**
United States Magistrate Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, New York, New York 10007

Re: *Yandy Reyes, individually and on behalf of all others similarly situated, and Re: Yes Law PLLC v. The Draw Shop LLC and Summer Felix-Mulder,* Civil Action No. 1:25-cv-09406-AT-SN

### Status Letter Pursuant to Court Order Dated June 9, 2026

Dear Judge Netburn:

Plaintiff respectfully submits this status letter pursuant to the Court's Order entered June 9, 2026 (ECF Doc. 22), which directed Plaintiff to advise the Court, by no later than July 9, 2026, as to four (4) specific matters concerning service of process. Plaintiff addresses each inquiry in the order presented by the Court., and explains its intention to file a default motion and seek default on Defendant.

## INQUIRY 1: Contact with The Draw Shop LLC Regarding Service

Plaintiff has had no substantive contact with The Draw Shop LLC following perfected service. The corporate defendant has failed to appear by counsel, respond to outreach, or take any action in this litigation.

Pursuant to Federal Rule of Civil Procedure (FRCP) 4(h), service on a corporation is authorized through its registered agent, and FRCP 55(a) permits an entry of default when a corporate party fails to plead or otherwise defend. Furthermore, under FRCP Rule 17(b), a corporation must appear through licensed counsel and cannot be represented pro se by an individual owner or officer.

On March 30, 2026, process server Katrina Williams perfected service of the Summons and Complaint upon Defendant The Draw Shop LLC. Service was executed by delivering the documents to Michael Cosper—who is legally authorized to accept service on behalf of the registered agent, Republic Registered Agent Inc.—at 3400 Cottage Way #G2, Sacramento, CA 95825-1474 (ECF Doc. 19, filed April 2, 2026).

The Draw Shop LLC's deadline to answer or otherwise respond expired on May 29, 2026. As of this date, no appearance by counsel has been entered, no answer has been filed, and no communication has been received from the corporate defendant. Plaintiff's office has placed direct telephone calls to The Draw Shop LLC's known corporate lines pursuant to the internal directive issued June 10, 2026, and has received no pertinent response. *See* Documentation of these calls as **Exhibit A**. Ms. Summer Felix-Mulder, appearing *pro se,* cannot legally represent or answer for the corporate entity, regardless of her ownership interest, per the Court's own February 20, 2026 Order.

No substantive contact has been made. The corporate defendant is in default.

### INQUIRY 2: Whether Plaintiff Intends to Move for Default Judgment Against The Draw Shop LLC

Yes. Plaintiff expressly intends to pursue formal entry of default and a motion for default judgment against The Draw Shop LLC.

FRCP 55(a) requires entry of default by the Clerk upon showing that a party has failed to plead or otherwise defend. FRCP 55(b)(2) authorizes the Court to enter a default judgment thereafter. Local Civil Rule 55.1 governs the procedure for requesting a Certificate of Default; Local Civil Rule 55.2 governs the default judgment motion itself.

In spite of Plaintiff's prior First Motion for Default Judgment (ECF Doc. 11, filed February 16, 2026) was premature — it was filed before corporate service was perfected via a proper registered agent. Corporate service is now fully and properly perfected (ECF Doc. 19). The May 29, 2026 deadline to answer has expired without any appearance by counsel, answer, or responsive pleading. The grounds for entry of default are fully established under both FRCP 55(a) and Local Civil Rule 55.1. Plaintiff will promptly file a Request for Certificate of Default with the SDNY Clerk, and thereafter move for default judgment under FRCP 55(b)(2) and Local Civil Rule 55.2, subject to any further direction from the Court regarding class certification posture and damages briefing.

Plaintiffs intend to proceed immediately toward default judgment against The Draw Shop LLC.

### INQUIRY 3: Whether Service on Summer Felix-Mulder Has Been Successfully Completed

Service on Summer Felix-Mulder under FRCP 4(e) remains unperfected as of this date. Plaintiff has exercised sustained, documented diligence, and is actively pursuing skip-trace and alternative service options.

FRCP 4(e) requires individual service by: (1) delivering a copy to the individual personally; (2) leaving a copy at the individual's dwelling or usual place of abode with a person of suitable age and discretion; or (3) delivering a copy to an authorized agent. The Court's February 20, 2026 Order found prior service improper and directed re-service at 12351 Fairway Pointe Row, San Diego, CA 92128 by April 2, 2026. FRCP Rule 4(e)(1) permits borrowing state law — including New York's CPLR § 308(5) — which authorizes court-ordered alternative service upon a showing of impracticability.

Process server R.T. Hansell (RPS#1422) attended the Court-ordered address on March 7, 2026 at 12:10 PM, at which time a resident confirmed that Ms. Felix-Mulder had vacated the property approximately six months prior. A follow-up attempt on March 9, 2026 at 3:40 PM confirmed vacancy. A certified mailing was dispatched to the Court-identified address on March 27, 2026 (Tracking No. 9589071052703439738664) as a risk-mitigation measure. Skip-trace and address verification investigations are actively ongoing across both California and Utah vectors. Ms. Felix-Mulder has demonstrated actual awareness of this litigation — she receives ECF notifications and has appeared at conferences and filed motion papers — yet formal personal service under FRCP 4(e) has not been achieved, presenting the paradigmatic fact-pattern for CPLR 308(5) impracticability relief. She is clearly avoiding service.

Personal service remains unperfected. Plaintiff is actively pursuing skip-trace leads and will seek alternative service relief if a viable residential address cannot be confirmed.

### INQUIRY 4: Whether Plaintiff Intends to Respond to Summer Felix-Mulder's Motion to Dismiss (ECF Nos. 13, 18)

Yes. Plaintiff fully intends to file a timely and robust opposition to the pending motion to dismiss for insufficient service of process - seeking an extension or alternate service.

A motion to dismiss for insufficient service under FRCP 12(b)(5) places the burden on the plaintiff to demonstrate that service was proper, or alternatively that good cause — or at minimum reasonable efforts — exist to extend the service period. Courts in this Circuit hold that good cause exists where a plaintiff has made diligent, repeated efforts. FRCP 4(m) grants Courts discretion to extend time for service absent good cause where there is a showing of reasonable efforts. CPLR § 308(5) authorizes a court to fashion an alternative service method upon a showing of impracticability of conventional service, which is a lower threshold than the "due diligence" standard required for nail-and-mail under CPLR § 308(4). (*Saulo v. Noumi; Estate of Waterman; Baidoo v. Blood-Dzraku*, 48 Misc. 3d 309 (N.Y. Sup. Ct. 2015)

Plaintiff has determined that Defendant's spouse, Michael Mulder, is the CEO of Brand House Ventures, Inc. Plaintiff is currently locating an updated address for Mr. Mulder to facilitate service on Defendant. Upon confirming a valid address, Plaintiff will attempt personal service, send a certified mailing if necessary, and provide email notice to Defendant.

Plaintiff has demonstrated continuous, documented diligence: four separate process server engagements across multiple San Diego addresses; certified mail service to the Court-identified address; registered agent service perfected on the corporate entity; and ongoing multi-jurisdictional skip-trace. Ms. Felix-Mulder's voluntary relocation from the Court-ordered service address to an unidentified Utah jurisdiction — occurring, based on process server observations, approximately six months before March 2026 (i.e., around September 2025) — constitutes evasion that should not be rewarded with dismissal.

Critically, Ms. Felix-Mulder has actual notice: she receives ECF notifications, has appeared at Court conferences, and has filed motion papers. Actual notice, combined with documented diligence and

objective evasion indicators, supports both (a) opposition to dismissal based on good-cause extension under FRCP 4(m); and (b) a cross-motion for alternative service under CPLR § 308(5), including service via email to summermulder77@gmail.com (through which she receives ECF notices) and certified mail to her last known addresses. Her participation in this litigation while simultaneously avoiding process service is precisely the fact-pattern courts have recognized as supporting alternative service relief. (*Baidoo v. Blood-Dzraku*, 48 Misc. 3d 309 (N.Y. Sup. Ct. 2015); *Dobkin v. Chapman*, 21 N.Y.2d 490 (1968).)

Plaintiff will file a well-supported opposition to ECF Nos. 13 and 18, preserving the legal integrity of this action and potentially cross-moving for CPLR § 308(5) alternative service.
The Plaintiff is actively pursuing the following next steps:

1. The Plaintiff continues to document attempts to reach The Draw Shop LLC corporate principals to establish a comprehensive record of non-response, supporting the default judgment motion. *See* Annex A for all service attempts and mechanisms pursued in this action, in courtesy as abundance of caution.

2. Multi-Jurisdictional Skip-Trace — Utah. Active investigation of Ms. Felix-Mulder's current residential and operational address across Utah registration databases, county recorder records, and utility/voter registration databases.

3. California/Utah Address Verification. Parallel cross-checks of Ms. Felix-Mulder's historical California addresses and active Utah operational vectors to identify a serviceable address.

4. A request for Certificate of Default shall be filed with the SDNY for The Draw Shop LLC pursuant to FRCP 55(a) and Local Civil Rule 55.1.

5. The Plaintiff shall prepare and file Plaintiff's opposition to Ms. Felix-Mulder's pending motion to dismiss for insufficient service of process, incorporating the documented service history and good-cause arguments.

6. If skip-trace confirms no viable address, the Plaintiff shall prepare and file a motion for alternative service (email, mail to last-known addresses, or publication) under FRCP 4(e)(1) and CPLR § 308(5), supported by an affidavit of impracticability documenting all service attempts and evasion evidence.

7. Plaintiff will search the address of Defendant's Husband.

We thank the Court for its continued attention to this matter and remain available should the Court require any additional information or prefer to address any of these matters at a conference.

Respectfully submitted,

By:    _____

**Yandy Reyes, Esq.**
Re: Yes Law PLLC

## ANNEX A

The following table sets forth all service attempts and mechanisms pursued in this action, in chronological order:

| Target Defendant | Location Attended / Mechanism | Date & Time of Attempt | Process Server (Full Name) | Amount of Attempts | Outcome & Legal Standing |
|---|---|---|---|---|---|
| The Draw Shop LLC | USPS Priority Mail to 12463 Rancho Bernardo Rd PMB 166, San Diego CA 92128-2143 (Tracking: 42092128214394055301009355236939027) | Mailed: Nov 11, 2025Delivered: Nov 15, 2025 10:12 AM | Diana Cardenas | 1 | Delivered to front desk/reception. No waiver returned. Waiver service attempt only — not perfected process. |
| Summer Felix-Mulder | 12463 Rancho Bernardo Road #166, San Diego, CA | Jan 7, 202612:35 PM | Kelly Bliss (Lexitas) | 1 | Delivered to "Paul A." who identified himself as a "Manager" (verbal authorization). Court found improper by Feb 20 Order — individual service NOT perfected. |
| The Draw Shop LLC | 12463 Rancho Bernardo Road #166, San Diego, CA | Jan 7, 20262:00 PM | Michael Burroughs | 1 | Delivered to Paul Antonov, employee of Village Mail & More. Corporate mail-drop — DEFECTIVE. Triggered special appearance and Motion to Dismiss. |
| Summer Felix-Mulder | 12351 Fairway Pointe Row, San Diego, CA 92128 | Mar 7, 202612:10 PM | R.T. Hansell (RPS#1422) | 1 | NON-SERVE. Resident stated subject moved to Utah ~6 months prior. |
| Summer Felix-Mulder | 12351 Fairway Pointe Row, San Diego, CA 92128 | Mar 9, 20263:40 PM | R.T. Hansell (RPS#1422) | 2 | Confirmed vacancy. Non-serve. |
| The Draw Shop LLC | Certified Mail to 12351 Fairway Pointe Row, San Diego, CA 92128 (Tracking: 95890710527034397386 64) | Mar 27, 2026 | Douglas Philip (Lexitas Job #26490046) | 1 | Risk-mitigation mailing. Not primary service method. |
| The Draw Shop LLC | Republic Registered Agent Inc., Michael Cosper, 3400 Cottage Way #G2, Sacramento, CA 95825-1474 — FRCP 4(h) | Mar 30, 20263:33 PM | Katrina Williams | 1 | SERVICE PERFECTED. ECF Doc. 19 filed Apr 2, 2026. Answer due May 29, 2026. Corporate defendant failed to appear by counsel or answer. DEFAULT. |