UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

YANDY REYES, individually and on behalf of all
others similarly situated, and RE: YES LAW PLLC,

Plaintiffs,

   -against-

Civil Action No. 1:25-cv-09406-AT-SN

THE DRAW SHOP LLC and SUMMER FELIX-MULDER,
individually and as CEO of The Draw Shop LLC,

Defendants.

------------------------------------------------------------------X

**AFFIRMATION IN OPPOSITION TO DEFENDANT SUMMER FELIX-MULDER'S MOTION TO DISMISS AND IN SUPPORT OF PLAINTIFFS' CROSS-MOTION FOR LEAVE TO EFFECT ALTERNATIVE SERVICE**

YANDY REYES, ESQ., declares the following to be true under penalty of perjury pursuant to 28 U.S.C. § 1746, upon information and belief, and based upon the records maintained in this office:

**PRELIMINARY STATEMENT**

Plaintiffs respectfully oppose Defendant Summer Felix-Mulder's motion to dismiss for insufficient service of process under Federal Rule of Civil Procedure 12(b)(5), and cross-move for leave to effect alternative service by email pursuant to Fed. R. Civ. P. 4(e)(1) and N.Y. C.P.L.R. § 308(5). Despite sustained, documented, and diligent efforts spanning multiple process-server engagements, a certified mailing, and an ongoing multi-jurisdictional skip-trace, personal service upon Ms. Felix-Mulder has been frustrated by her relocation and apparent evasion. She nonetheless has actual notice of this action — she receives ECF notifications, has appeared at Court conferences, and has filed motion papers. Service by email to summermulder77@gmail.com is reasonably calculated, under all the circumstances, to apprise her of this action and afford her an opportunity to be heard, and the Motion to Dismiss should accordingly be denied.

**FACTS AND PROCEDURAL HISTORY**

1. On November 11, 2025, Plaintiffs Yandy Reyes and Re: Yes Law PLLC commenced this action against Defendants The Draw Shop LLC and Summer Felix-Mulder, individually and as CEO of The Draw Shop LLC, alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, and N.Y. General Business Law § 396-aa.

2. On November 11, 2025, Plaintiffs mailed Defendants a Request for Waiver of Service pursuant to Fed. R. Civ. P. 4(d). Defendants ignored the request and did not return an executed waiver.

3.      On January 7, 2026, at 12:35 p.m., process server Kelly Bliss of Lexitas attempted personal service upon Defendant Summer Felix-Mulder at 12463 Rancho Bernardo Rd. #166, San Diego, California — a commercial mail-receiving agency operating as Village Mail & More — where the documents were delivered to an individual identified as "Paul A."

4.      Defendant Felix-Mulder thereafter specially appeared and filed the instant Motion to Dismiss for insufficient service of process. *See* PACER Doc. No. 13 (Motion to Dismiss, dated Feb. 13, 2026); *see also* PACER Doc. No. 18.

5.      On February 16, 2026, Plaintiffs filed their first Motion for Default Judgment. *See* PACER Doc. No. 11 (First Motion for Default Judgment, dated Feb. 16, 2026).

6.      On February 20, 2026, the Court issued an Order finding that prior service upon Defendant Felix-Mulder was improper and directing re-service at 12351 Fairway Pointe Row, San Diego, CA 92128 by April 2, 2026. *See* PACER Doc. No. 17 (Order, dated Feb. 20, 2026).

7.      On March 7, 2026, at 12:10 p.m., process server R.T. Hansell (RPS#1422) attended the Court-ordered address at Fairway Pointe Row; a resident advised that Ms. Felix-Mulder had moved to Utah approximately six months prior. Service was not made. *See* **Affidavit of Non-Service of R.T. Hansell, attached herein as Exhibit A.**

8.      On March 9, 2026, at 3:40 p.m., Mr. Hansell made a follow-up attempt and confirmed that the Fairway Pointe Row address was vacant. Service was not made. *See* **Exhibit A.**

9.      On March 27, 2026, as an additional risk-mitigation measure, Plaintiffs caused a certified mailing to be sent to the Fairway Pointe Row address (Tracking No. 9589071052703439738664). *See* **USPS Certified Mail Receipt and Tracking, attached herein as Exhibit B.**

10.     On March 30, 2026, at 3:33 p.m., corporate Defendant The Draw Shop LLC was served with the Summons and Complaint via its registered agent, Republic Registered Agent Inc. (Michael Cosper), 3400 Cottage Way #G2, Sacramento, California, pursuant to Fed. R. Civ. P. 4(h). *See* PACER Doc. No. 19 (Affidavit of Service, dated Apr. 2, 2026). The Draw Shop LLC's deadline to answer or otherwise respond expired on May 29, 2026, without an appearance, answer, or responsive pleading, placing the corporate Defendant in default.

11.     Plaintiffs' skip-trace and address-verification efforts as to Ms. Felix-Mulder are ongoing across California and Utah. *See* **Skip-Trace and Address-Search Reports, attached herein as Exhibit C.**

12.     Notwithstanding the foregoing, Ms. Felix-Mulder has demonstrated actual notice of this action: she receives ECF notifications at summermulder77@gmail.com, has appeared at Court conferences, and has filed motion papers on her own behalf**.**

13.     On June 9, 2026, the Court ordered Plaintiffs to file a status letter addressing, among other things, the status of service upon Ms. Felix-Mulder. *See* PACER

Doc. No. 22 (Order, dated June 9, 2026). Plaintiffs filed their status letter on July 9, 2026. *See* PACER Doc. No. 23 (Status Letter, dated July 9, 2026).

14. A consolidated Affidavit/Declaration of Due Diligence, setting forth in chronological table form all attempts to effect service upon Ms. Felix-Mulder, is filed concurrently herewith.

## STANDARD OF LAW

15. On a motion under Rule 12(b)(5), the plaintiff bears the burden of establishing that service was proper, or, alternatively, that good cause — or at minimum reasonable efforts — exists to extend the time for service under Fed. R. Civ. P. 4(m). Rule 4(e)(1) permits service of an individual by following the law of the state in which the district court is located, here New York, whose C.P.L.R. § 308(5) authorizes a court to fashion an alternative method of service upon a showing that service under the preceding subdivisions of § 308 is impracticable. Due process, in turn, requires only that the method of service be reasonably calculated, under all the circumstances, to apprise the defendant of the pendency of the action and afford her an opportunity to be heard. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

## ARGUMENTS

I. **ALTERNATIVE SERVICE BY EMAIL SHOULD BE AUTHORIZED UNDER CPLR § 308(5).**

16. C.P.L.R. § 308(5) authorizes a court to fashion an alternative method of service, including by email or social media, where conventional methods are impracticable and the fashioned method is reasonably calculated to apprise the defendant of the action. *Baidoo v. Blood-Dzraku*, 48 Misc. 3d 309, 316, 5 N.Y.S.3d 709 (Sup. Ct. N.Y. Cnty. 2015). Email service under § 308(5) is proper where, as here, the parties have been communicating at the email address to be used for service. *Safadjou v. Mohammadi*, 105 A.D.3d 1423, 1424, 963 N.Y.S.2d 891 (4th Dep't 2013). Indeed, the Southern District of New York has itself authorized service by email, applying C.P.L.R. § 308(5) through Fed. R. Civ. P. 4(e)(1), where other prescribed methods of service could not be made. *D.R.I., Inc. v. Dennis*, No. 03-CV-10026 (PKL), 2004 WL 1237511, at *1 (S.D.N.Y. June 3, 2004). Here, email service to summermulder77@gmail.com — the very address through which Ms. Felix-Mulder receives ECF notices and through which she has corresponded in this litigation — is reasonably calculated to apprise her of this action; the impracticability of conventional service has been amply demonstrated, and her actual notice further reinforces the sufficiency of email service under due process.

II. **GOOD CAUSE AND REASONABLE EFFORTS DEFEAT DISMISSAL AND WARRANT AN EXTENSION OF TIME UNDER RULE 4(m).**

17. Under Rule 4(m), good cause turns on the plaintiff's reasonable efforts and diligence, weighed against any prejudice to the defendant, and the Court retains discretion to extend the time for service. *Zapata v. City of New York*, 502 F.3d

192, 197 (2d Cir. 2007). Rule 4(m) affords courts wide latitude to extend the time for service, and Plaintiffs appropriately request such an extension here. *Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012). Plaintiffs' four separate process-server engagements, a certified mailing to the Court-identified address, perfected corporate service, and an ongoing multi-jurisdictional skip-trace together establish reasonable efforts and good cause. No prejudice to Ms. Felix-Mulder results, given her actual notice of this action; dismissal is therefore unwarranted, and an extension of the service period is the appropriate remedy.

III.    **PLAINTIFFS' DILIGENCE IS AMPLY SHOWN, AND DEFENDANT'S EVASION SHOULD NOT BE REWARDED.**

18.    Due diligence requires genuine inquiries into a defendant's whereabouts and place of employment before resorting to alternative methods of service. *Estate of Waterman v. Jones*, 46 A.D.3d 63, 66, 843 N.Y.S.2d 462 (2d Dep't 2007). The diligence inquiry focuses on whether the process server made genuine inquiries about the defendant's whereabouts, and attempts should not be confined to times when the defendant is likely to be absent. *Serraro v. Staropoli*, 94 A.D.3d 1083, 1084, 943 N.Y.S.2d 201 (2d Dep't 2012). Plaintiffs' repeated attempts, the resident interviews revealing Ms. Felix-Mulder's relocation to Utah, the certified mailing, and the continuing skip-trace exceed the diligence these cases demand; the impracticability threshold of C.P.L.R. § 308(5) is, a fortiori, satisfied. Ms. Felix-Mulder's active participation in this litigation while simultaneously evading personal service is precisely the fact pattern that courts decline to reward with dismissal.

## CONCLUSION

WHEREFORE, it is respectfully requested that this Court:

(a)    deny Defendant Summer Felix-Mulder's Motion to Dismiss in its entirety;

(b)    grant Plaintiffs leave to effect alternative service upon Summer Felix-Mulder by email to summermulder77@gmail.com pursuant to Fed. R. Civ. P. 4(e)(1) and N.Y. C.P.L.R. § 308(5);

(c)    in the alternative, extend Plaintiffs' time to effect service pursuant to Fed. R. Civ. P. 4(m); and

(d)    award such other and further relief as this Court deems just and proper.

Dated: July 29, 2026
    Forest Hills, New York

_____
YANDY REYES, ESQ.
RE: YES LAW PLLC
Attorney for Plaintiffs
118-35 Queens Blvd., Suite 400
Forest Hills, NY 11375

(p): (646) 577-9022 | (646) 633-5467
(e): reyeslaw@estateplanningreyes.com

TO:  Summer Felix-Mulder, Pro Se
      12351 Fairway Pointe Row,
      San Diego, CA 92128
      summermulder77@gmail.com

### DECLARATION OF SERVICE

YANDY REYES, ESQ. declares the following to be true under penalty of perjury pursuant to 28 U.S.C. § 1746: On July 29, 2026, I served a true copy of the within Affirmation in Opposition to Defendant Summer Felix-Mulder's Motion to Dismiss and in Support of Plaintiffs' Cross-Motion for Leave to Effect Alternative Service upon Summer Felix-Mulder, Pro Se, by filing the within document via the Court's CM/ECF system and by electronic mail transmission to summermulder77@gmail.com, said means being reasonably calculated to apprise the addressee of the filing.

_____
          YANDY REYES, ESQ.