USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/12/2026

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------X

**YANDY REYES, et al.,**

**Plaintiffs,**

**-against-**

**THE DRAW SHOP LLC, et al.,**

**Defendants.**

-----------------------------------------------------------------X

**25-CV-09406 (AT)(SN)**

**OPINION & ORDER**

**SARAH NETBURN, United States Magistrate Judge:**

Yandy Reyes and his law firm ("Re: Yes Law PLLC," collectively, the "Plaintiff") filed suit against The Draw Shop LLC ("The Draw Shop") and its alleged CEO, Summer Felix-Mulder ("Felix-Mulder"), claiming that they violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, and N.Y. General Business Law § 396-AA*2. See ECF No. 1. Felix-Mulder, proceeding *pro se*, filed a motion to dismiss for insufficient service of process pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure. See ECF Nos. 13, 18.[1] Plaintiff opposed the motion and filed a cross-motion for leave to effect alternative service by email pursuant to Rule 4(e)(1) of the Federal Rules of Civil Procedure and N.Y. CPLR § 308(5). See ECF No. 25.

Plaintiff's motion for leave to effect alternative service by email is GRANTED, and Felix-Mulder's motion to dismiss is DENIED without prejudice as moot.

[1] Felix-Mulder filed duplicate motions to dismiss that were docketed at ECF Nos. 13 and 18.

## BACKGROUND

Plaintiff filed his Complaint on November 11, 2025. See ECF No. 1. Electronic summons was issued on January 2, 2026. See ECF No. 8. On February 3, 2026, Plaintiff filed an affidavit of service stating that a copy of the Summons and Complaint were delivered to an individual identified as "Paul Antonov," located at "12463 Rancho Bernardo Road #166, San Diego, CA 92128." See ECF Nos. 10, 10-1. On February 13, 2026, Felix-Mulder filed her motion to dismiss for insufficient service, which states that she neither resides at the San Diego address listed on the affidavit of service nor authorized Paul Antonov to accept service on her behalf. See ECF Nos. 13, 18. In her motion to dismiss, Felix-Mulder listed a different address in her signature block ("Fairway Pointe Row, San Diego, CA 92128"). Id. On February 20, 2026, the Court ordered Plaintiff to serve Felix-Mulder at this address. See ECF No. 17.

On April 2, 2026, Plaintiff filed another affidavit of service, which stated that service on Felix-Mulder was unsuccessful because she no longer resides at the address listed in her motion to dismiss. See ECF No. 19-1 (process server stating that, per the present tenant, Felix-Mulder moved to Utah approximately six months prior to the service attempt). The Court subsequently held a remote conference with the parties on June 9, 2026, during which the Court directed Plaintiff to continue attempting to serve Felix-Mulder via traditional means of service. The Court separately entered an order giving Plaintiff until July 9, 2026, to file a status letter regarding whether Plaintiff was able to successfully serve Felix-Mulder and, if not, whether Plaintiff intended to respond to her motion to dismiss for insufficient service of process. See ECF No. 22. The Court also requested an update regarding whether Plaintiff had any contact with The Draw Shop about its response to the Complaint, and whether Plaintiff intended to move for a default judgment against The Draw Shop. Id.

On July 9, 2026, Plaintiff filed a letter indicating that "Plaintiff has had no substantive contact with The Draw Shop [] following perfected service" and that service on Felix-Mulder has "remain[ed] unperfected." ECF No. 23 at 1–2. In response to this update, the Court directed Plaintiff, by no later than July 31, 2026, to request a Certificate of Default from the Clerk of Court against The Draw Shop, and to file an opposition to Felix-Mulder's motion to dismiss. See ECF No. 24. The Court also permitted Plaintiff to request leave to effect alternative service on Felix-Mulder. Id.

On July 29, 2026, Plaintiff filed his opposition to the motion to dismiss, along with a cross-motion for leave to effect alternative service by email. See ECF No. 25. Plaintiff also filed as an attachment to his opposition brief a proposed Certificate of Default against The Draw Shop. See ECF No. 25-5. Felix-Mulder filed a reply and a declaration in further support of her motion to dismiss for insufficient service. See ECF Nos. 26, 27. As of the date of this Order, The Draw Shop has not appeared in this action and Felix-Mulder has not been properly served.

**STANDARD OF REVIEW**

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." Dynegy Midstream Servs., LP v. Trammochem, 451 F.3d 89, 94 (2d Cir. 2006) (internal quotation marks and citation omitted). Under Rule 4(m) of the Federal Rules of Civil Procedure, a plaintiff must serve a defendant within 90 days after the complaint is filed. See Fed. R. Civ. P. 4(m). If a plaintiff fails to serve a defendant within that time, "the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Id.

"To establish good cause, 'a plaintiff must demonstrate that despite diligent attempts, service could not be made due to exceptional circumstances beyond his or her control.'" Deptula v. Rosen, 558 F. Supp. 3d 73, 85 (S.D.N.Y. 2021) (quoting Spinale v. United States, No. 03-CV-1704 (KMW)(JCF), 2005 WL 659150, at *3 (S.D.N.Y. Mar. 16, 2005), aff'd sub nom., Spinale v. Ball, 352 F. App'x 599 (2d Cir. 2009)). In determining whether there is good cause to extend the time for service, "district courts must consider (1) the reasonableness and diligence of Plaintiff's efforts to serve, and (2) the prejudice to the Moving Defendants from the delay." Fantozzi v. City of New York, 343 F.R.D. 19, 26 (S.D.N.Y. 2022) (internal quotation marks and citation omitted). "[A] district court may grant an extension [of time to serve] in the absence of good cause, but it is not required to do so." Zapata v. City of New York, 502 F.3d 192, 197 (2d Cir. 2007).

Rule 4 of the Federal Rules of Civil Procedure allows an individual located within a judicial district of the United States to be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located." Fed. R. Civ. P. 4(e)(1). Rule 4 makes the state law of either the location where service is effected or the location of the district court equally applicable. Id. In New York, service may be effected upon a person by: (1) personal service; (2) delivery to a "person of suitable age and discretion at the individual's actual place of business, dwelling place or usual place of abode" and mailing it to the individual; (3) service on an agent; or (4) "affixing the summons" to the individual's actual place of business, dwelling or usual abode and mailing it to the individual. N.Y. CPLR § 308(1)–(4). The Court may also direct alternative methods of service where service by the enumerated means is "impracticable." Id. at § 308(5).

"The meaning of 'impracticable' depends on the facts and circumstances of a particular case. In general, plaintiff must make some showing that the other prescribed methods of service could not be made." Sirius XM Radio Inc. v. Aura Multimedia Corp., 339 F.R.D. 592, 593 (S.D.N.Y. 2021) (cleaned up). Impracticability "does not require satisfying due diligence, or even showing that actual prior attempts to serve a party under each and every method provided in the statute have been undertaken." Hamza v. Yandik, No. 19-CV-00447 (LEK)(DJS), 2022 WL 976888, at *8 (N.D.N.Y. Mar. 31, 2022) (quoting Kelly v. Lewis, 220 A.D.2d 485, 485 (2nd Dep't 1995)). "Even where plaintiffs have imperfectly served defendants, courts have been willing to find impracticability under CPLR § 308(5) and to direct substitute service, particularly when defendants have participated in the litigation." Id.

"The decision to allow alternative service is committed to the sound discretion of the district court." In re Bystolic Antitrust Litig., No. 20-CV-5735 (LJL), 2021 WL 4296647, at *1 (S.D.N.Y. Sept. 20, 2021) (internal quotation marks and citations omitted). Generally, service by alternative means is permissible provided that it comports with due process by being "reasonably calculated, under the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." SEC v. Tome, 833 F.2d 1086, 1093 (2d Cir. 1987) (quoting Mullane v. Cent. Hanover Bank & Tr. Co., 339 U.S. 306, 314 (1950)). "Courts routinely find that alternative service, including by email, is appropriate where the moving party provides evidence that the recipient is likely to receive the service through the alternative method." Freeman Giuliani v. Giuliani, No. 24-CV-06563 (LJL), 2024 WL 5054913, at *2 (S.D.N.Y. Dec. 10, 2024) (collecting cases).

## DISCUSSION

### I. Service on The Draw Shop

Service on The Draw Shop appears to have been effectuated on March 30, 2026. See ECF No. 19. Because The Draw Shop has not answered the Complaint, and its deadline to answer has elapsed, Plaintiff intends to move for a default judgment against The Draw Shop. See ECF No. 23.

On July 15, 2026, Plaintiff filed a proposed Certificate of Default and an accompanying affidavit, which he attached to his opposition to the pending motion to dismiss. See ECF Nos. 25-4, 25-5. This filing is deficient as to form. The proposed Certificate of Default should not have been filed as an attachment to Plaintiff's opposition brief. Rather, it should be filed under a separate docket entry using the "Proposed Clerk's Certificate of Default" civil filing event.

By no later than Friday, August 21, 2026, Plaintiff is directed to refile his proposed Certificate of Default using the correct filing event and in conformance with the requirements under Local Civil Rule 55.1.

### II. Service on Felix-Mulder

Since initiating this action, Plaintiff has attempted to serve Felix-Mulder on multiple occasions through process servers and via certified mail. See ECF No. 25 at 1–3. He has also been engaged in an ongoing skip-trace and address-verification effort to locate Felix-Mulder. Id. Although Felix-Mulder has appeared in this action and submitted multiple filings on the docket, her actual notice of the action does not cure the deficient service of process. See Cassano v. Altshuler, 186 F. Supp. 3d 318, 323 (S.D.N.Y. 2016). In his July 9, 2026 status letter, Plaintiff acknowledged that, despite repeated efforts, service on Felix-Mulder "remains unperfected." ECF No. 23 at 2. Plaintiff now seeks leave for alternative service by email pursuant to CPLR §

308(5). See ECF No. 25 at 3.

In light of Plaintiff's repeated and ongoing attempts to serve Felix-Mulder, Plaintiff has sufficiently demonstrated the "reasonableness and diligence" of his efforts to effectuate service. Fantozzi, 343 F.R.D. at 26. Moreover, given the early stages of this case and Felix-Mulder's knowledge of this action since February 2026, the Court does not find that Felix-Mulder has suffered any prejudice from Plaintiff's delay in effectuating service. Accordingly, Plaintiff has sufficiently established "good cause" to extend the time for service pursuant Rule 4(m). Fed. R. Civ. P. 4(m).

Plaintiff has also adequately demonstrated that service on Felix-Mulder through traditional methods is impracticable for the purposes of complying with CPLR § 308(5). Plaintiff has already attempted (on more than one occasion) to serve Felix-Mulder via a process server at the California address listed on her motion to dismiss. See ECF No. 25-1. In her declaration in further support of her motion to dismiss, Felix-Mulder indicates that she has been traveling between Utah and California, and suggests that the process server's attempts occurred while she was not present at her California residence. See ECF No. 26. While the Court does not assume that Felix-Mulder has been purposefully evading service, there is no indication that Felix-Mulder has permanently returned to California to receive service at the address listed in her filings. Therefore, alternative service is appropriate at this stage of the litigation.

Plaintiff has provided sufficient facts to show that service to the email address "summermulder77@gmail.com" will reach Felix-Mulder. This is the same email address that Felix-Mulder provided in her motion requesting permission to participate in electronic case filing, which the Court granted. See ECF Nos. 12, 15. Since receiving electronic case filing access, Felix-Mulder has filed multiple documents on the docket and has responded to Plaintiff's

electronic case filings. See, e.g., ECF No. 27 (Felix-Mulder's opposition to Plaintiff's cross-motion for alternative service). She also appeared for a remote conference after the Court entered an order on the docket. See ECF No. 21. Felix-Mulder's ongoing participation in the litigation thus sufficiently demonstrates that she has successfully received emails sent to summermulder77@gmail.com, and that this email address remains active. Accordingly, because Felix-Mulder is likely to receive service by email, alternative service by email is "reasonably calculated" to comport with due process. See Tome, 833 F.2d at 1093; see also Rauch Indus., Inc. v. Heart Artist LLC, No. 25-CV-7950 (JHR)(GS), 2025 WL 3537848, at *5 (S.D.N.Y. Nov. 25, 2025) (collecting cases where courts in this District have allowed service by email under similar circumstances).

## CONCLUSION

Plaintiff's cross-motion for alternative service is GRANTED. By no later than Friday, August 21, 2026, Plaintiff shall serve the Summons and Complaint on Felix-Mulder by emailing them to the following email address: summermulder77@gmail.com. Plaintiff shall file proof of service on the docket by no later than Friday, August 21, 2026.

By no later than Friday, August 21, 2026, Plaintiff shall also refile the proposed Certificate of Default against The Draw Shop using the correct civil filing event.

In light of the alternative service relief being granted, Felix-Mulder's Rule 12(b)(5) motion to dismiss is DENIED without prejudice as moot.

The Clerk of Court is respectfully requested to terminate the motions at ECF Nos. 13, 18, and 23.

SARAH NETBURN
United States Magistrate Judge

DATED: August 12, 2026
New York, New York